### MICHAEL DAILY *v.* O. G. NEWMAN et al.

In a case where the formalities required by law 'or the collection of taxes in the city of Jefferson, appear to have been substantially complied with, and a sale of a lot of ground was made by the Sheriff upon a judgment obtained by a proceeding *in rem* against the property upon which the tax was due—*Held :* That the purchaser could not be dispossessed by the owner of the property at the time the tax was levied, on the ground that the proper y was erroneously assessed in the name of one who was not the proprietor.

Where taxes are erroneously assessed, it is the duty of the tax payer to have the tableau of assessment corrected, if he so desires. The err or in the assessment is a matter of defence of which the tax payer must avail himself, and the complaint comes too late, if made after judgment, and a sale of the taxed property.

Technical objections to the mode of proceeding in suits, ought to be urged before judgment.

APPEAL from the District Court of the Parish of Jefferson, *Burthe, J.*

R. K. *Cutler*, for plaintiff and appellant. J. H. *VanDalson*, for defendant.

COLE, J. This suit is instituted by plaintiff, to recover possession of a certain square of ground in faubourg Bouligny, in the city and parish of Jefferson ; said square being No. 102. It was purchased by plaintiff from *F. W. Schmidt*, on the 12th of December, 1851.

The defendant, *Newman*, bought the square of *L. Cuthbert*, who had purchased it from *W. C. Wilson*, and the latter bought the same at a public sale made by *Fanning*, then Sheriff of the parish of Jefferson, in a suit entitled, " The Mayor, Aldermen and Inhabitants of the city of Jefferson against Square No. 102, in faubourg Bouligny, city of Jefferson, parish of Jefferson, assessed in the name of *F. W. Schmidt*." This suit was for taxes for 1850 and 1852, both assessed in the name of *F. W. Schmidt*.

The corporation of the city of Jefferson proceeded against the lot by the proceeding *in rem*, as provided in the section 20 of the Act of 1850. Session Acts, 1850, p. 60.

A curator *ad hoc* was appointed to represent the non-resident owner, and the formalities of the Act of 1850 appear to have been substantially complied with.

A full and accurate description of the lot was given in the notices and advertisements of the sale thereof.

Plaintiff contends that the sale is without effect, because his name was not mentioned as the proprietor of the square, and because the taxes of 1852 were not assessed in his name, but in that of *Schmidt*.

The plaintiff, or his agent, knew that he owed taxes for 1852, and he could have applied to have the tableau of assessment amended.

Besides, the action was *in rem*, and the property was so accurately described in the advertisement, that no one could have been deceived as to the land that was seized. The owner was also represented by a curator *ad hoc*.

It was in the power of plaintiff to have objected on the ground, that the lot was not assessed in his name before the judgment and sale; but it is now too late, for he has neglected to avail himself of a defence which must have been known to him or his agent. *Dutillet et als.* v. *Blanchard*, ante p. 97.

It is also objected, that the law of 1850, regulating the mode of proceeding for the collection of taxes, was repealed by the Act of 1853. Session Acts of 1853, p. 222, §§ 7 and 8.

This proceeding was *in rem*, a curator *ad hoc* acted for plaintiff, and besides the description of the land was such as to give him full notice of the seizure. Under these circumstances, plaintiff cannot now avail himself of this objection.

Technical objections to the mode of proceeding in suits ought to be urged before judgment, otherwise there would be much danger in purchasing property at judicial sales.

This case differs from that of *Zimmerman* v. *Bartchy*, ante page 520. In that case, the illegality and nullity occurred after the judgment; the Sheriff having seized property which was not subject to seizure.

What occurs before judgment is generally unknown to the purchaser at judicial sales, whereas it can be seen from the *fi. fa.* by virtue of the authority of what court it has issued, and the purchaser is supposed to know the law, and whether the property seized can be legally sold to satisfy the judgment.

Judgment affirmed, with costs of appeal.

BUCHANAN, J., took no part in this case.

LAND, J., absent.